UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAM TUNG DANG, | Case No.: 2:25-cv-01303-RFB-EJY |
| Petitioner | **ORDER** |
| v. | |
| NEVADA DIVISION OF PAROLE AND PROBATION, *et al.*, | |
| Respondents. | |

Lam Tung Dang has submitted a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1-1. The Clerk of Court will be ordered to docket the petition. Having screened the petition under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court concludes that the petition contains factual allegations that demonstrate the possibility of constitutional error and, therefore, will direct the Clerk to serve it on Respondents. For reasons discussed below, however, Respondents will not be required to respond to the petition pending a determination of whether Dang can show cause why the petition should not be dismissed as unexhausted or why this action should be stayed.

With his petition, Dang challenges a judgment of conviction entered in the Eighth Judicial District Court (Clark County) for Nevada adjudicating him guilty, pursuant to a guilty plea, of solicitation of a child for prostitution. ECF No. 1-1 at 2. It does not appear from Dang's petition

or exhibits that he filed a direct appeal. He attaches the Eighth Judicial District Court's order denying his state postconviction petition on July 3, 2025. ECF No. 1-2.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted her available state remedies for all claims raised. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of her claims before she presents those claims in a federal habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. See Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004); Garrison v. McCarthey, 653 F.2d 374, 376 (9th Cir. 1981).

In his federal petition Dang presents one claim of ineffective assistance of trial counsel, one claim of prosecutorial misconduct, the claim that his guilty plea was not entered knowingly, voluntarily or intelligently, and six claims of trial court error. Dang raised several claims of ineffective assistance of counsel in his state postconviction petition. But he did not raise any claims of prosecutorial misconduct, trial court error or that his guilty plea was not entered knowing, voluntarily, or intelligently. Moreover, the Court takes judicial notice of the state court's website, which reflects that Dang did not appeal the denial of his state postconviction petition. And as a practical matter, a state appellate court could not have yet ruled on an appeal of the trial court's recent July 3, 2025 denial of the state petition. Dang has not presented any of his claims to the highest state court, therefore this federal petition is wholly unexhausted.

Dang may have filed his federal petition out of concern about the time limitation imposed by 28 U.S.C. § 2244(d)(1)(A). Under that provision, a state prisoner must file a federal habeas

petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." If Dang intends to ask this Court to stay this petition while he attempts to exhaust the claims in state court, he must file a motion for stay and abeyance. The Supreme Court has placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. Rhines v. Weber, 544 U.S. 269 (2005). First, "stay and abeyance should be available only in limited circumstances." Id. at 277. And the relief is "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. Moreover, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by Rhines. See Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" and ask for a stay under Rhines.[1] This Court may stay a partially or wholly unexhausted petition if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *See Rhines*, 544 U.S. at 278; see also Mena v. Long, 813 F.3d 907 (9th Cir. 2016), Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008). The Court will give Dang an opportunity to show cause why this petition should not be dismissed as unexhausted or to move for a stay.

---

[1] The Court notes that it appears that if Dang pursued a second state postconviction petition it may be procedurally barred as untimely and an abuse of the writ under state law absent a showing of good cause and actual prejudice to overcome the default. NRS 34.726, 34.810.

Therefore, **IT IS HEREBY ORDERED** that the Clerk of Court **file** and **electronically serve** the petition (ECF No. 1-1) on Respondents; and **add** Aaron D. Ford, Nevada Attorney General, as counsel for Respondents.

**IT IS FURTHER ORDERED** that the Clerk **provide** Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

**IT IS FURTHER ORDERED** that Petitioner has **30 days** from the date that this order is entered to show cause why his petition should not be dismissed without prejudice as unexhausted or to file a motion for stay and abeyance. Failure to respond within the time allowed or show good cause for an extension will result in dismissal without prejudice and without further notice.

**IT IS FURTHER ORDERED** that all assertions of fact made by Petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. Petitioner should attach copies of any additional materials upon which he bases his argument that his petition should not be dismissed as unexhausted or as to why a stay is warranted.

**IT IS FURTHER ORDERED** that no response by Respondents is required until further order of the Court.

**DATED:** August 22, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**