# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAM TUNG DANG, | Case No. 2:25-cv-01303-RFB-EJY |
| Petitioner, | ORDER |
| v. | |
| NEVADA DIVISION OF PAROLE AND PROBATION, *et al*., | |
| Respondents. | |

## I.   INTRODUCTION

Before the Court is Petitioner Lam Tung Dang's response to this Court's Order to Show Cause and his Motion for Stay. ECF Nos. 12, 13. Respondents opposed the Motion for Stay, and Dang replied on September 15, 2025. ECF Nos. 15, 16. For the following reasons, the Court grants the Motion for Stay and administratively closes this matter.

## II.   PROCEDURAL BACKGROUND

Dang challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. State of Nevada v. Lam Dang, No. C-24-383323-1 (8th Jud. D. Nev. May 29, 2024). On August 9, 2024, the state court entered a judgment of conviction, pursuant to a guilty plea, convicting Dang of soliciting a child for prostitution. Dang was sentenced to 19 to 48 months in prison. Dang did not file a direct appeal.

On March 25, 2025, Dang filed a state habeas petition. Lam Dang v. Nevada Division of Parole and Probation, No. A-25-915381-W (8th Jud. D. Nev. Mar. 25, 2025). The state court denied Dang post-conviction relief on July 3, 2025. Dang did not file a post-conviction appeal.

Dang commenced this federal habeas action on July 16, 2025, with the submission of his federal habeas petition. ECF No. 1-1. Thereafter, Dang paid his filing fee and moved for a temporary restraining order, for preliminary injunction, and for a prompt ruling. ECF Nos. 4, 5, 6, 9. On August 22, 2025, this Court served the petition on Respondents and ordered Dang to either (1) show cause why his petition should not be dismissed without prejudice as unexhausted or (2) file a motion for stay and abeyance. ECF No. 10. Dang filed a response, arguing that his lack of exhaustion should be excused or, alternatively, that he should be granted a stay. ECF Nos. 12, 13. Respondents filed a response on September 9, 2025, and Dang replied on September 15, 2025. ECF Nos. 15, 16.

### III.  DISCUSSION

Dang argues that he should be excused from exhausting the claims in his petition. ECF No. 12, at 2. Under 28 U.S.C. § 2254(b)(1)(B)(i)-(ii), a petitioner is excused from "exhaust[ing] the remedies available in the courts of the State" if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." Dang asserts that his "case falls squarely within both exceptions" because (1) the state court refused to consider several of his claims, instead "dismissing them outright under a procedural bar," and (2) his "conviction rests on fabricated evidence and suppressed exculpatory proof." ECF No. 12, at 3–4. Neither of these rationales excuse Dang from exhausting his claims. Instead, Dang merely needed to raise his claims in a direct appeal and/or a post-conviction appeal to the Nevada appellate courts, but he failed to do so. See O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999) (explaining that a claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings).

Dang argues in the alternative that this Court should grant him a stay. ECF No. 13. This Court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court. Rhines v. Weber, 544 U.S. 269, 273–75 (2005); Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to

stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in Rhines"). Under the Rhines test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing Rhines, 544 U.S. at 278). The Rhines "good cause" standard does not require "extraordinary circumstances." Id. at 1024. However, courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024. Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." Id.

Dang explains that he lacked postconviction counsel, resulting in him mistakenly filing in federal court instead of filing an appeal with the Nevada appellate courts. ECF No. 13. The Court finds that Dang's lack of postconviction counsel constitutes good cause under Rhines. See Blake v. Baker, 745 F.3d 977, 982–83 (9th Cir. 2014). Moreover, Dang's petition is not plainly meritless, and Dang has not engaged in intentionally dilatory litigation tactics. Accordingly, the Court grants Dang's request for a stay.

Turning to Dang's other filings, Dang requests that the Court prevent Respondents "from continuing any enforcement, monitoring, compliance demands, or supervision derived from the judgment challenged in" this case. ECF Nos. 4, 5, 9. These preliminary requests are denied, as these forms of relief are only warranted if the Court grants Dang's petition on the merits.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion for Stay (ECF No. 13) is **GRANTED**. Dang must move to reopen this action within 45 days of the issuance of the remittitur by the Nevada Supreme Court at the conclusion of his state court proceedings.

**IT IS FURTHER ORDERED** that the motions for a temporary restraining order, for

preliminary injunction, and for a prompt ruling (ECF Nos. 4, 5, and 9) are **DENIED**.

**IT IS FURTHER KINDLY ORDERED** that the Clerk of Court stay and administratively close this action.

**DATED:** December 16, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**